IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID LOESER | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:23-cv-02657-JKB |
| NOBLE SUPPLY AND LOGISTICS, LLC AND THOMAS NOBLE, III, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER REGARDING THE
MAY 23, 2024 DEPOSITION OF THOMAS NOBLE, III**

Defendants Noble Supply and Logistics, LLC and Thomas Noble, III (collectively, "Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for a Protective Order Regarding the May 23, 2024 Deposition of Defendant Thomas Noble, III.

**INTRODUCTION**

Plaintiff David Loeser demands that Defendant Thomas Noble, III ("Mr. Noble") – who is a resident of and works in Boston, Massachusetts, as the CEO of Noble Supply and Logistics, LLC – appear for an in-person deposition in Annapolis, Maryland, on May 23, 2024. Absent any peculiar circumstances – none of which are applicable in this case – it is well-settled case law that individual defendants should be deposed in the district or jurisdiction in which they reside. Moreover, post-COVID, it is regular practice for individuals who live outside the state where the litigation is pending to be deposed via remote means. Nonetheless, Plaintiff insists, without basis, that Mr. Noble come in-person to his counsel's office in Annapolis, Maryland, to be deposed. It

is evident that Plaintiff's insistence on an in-person deposition where it is not otherwise required or necessary is meant to increase the costs and inconvenience to Mr. Noble, and not for any justifiable purpose. Indeed, Plaintiff's counsel has indicated that they will take all other depositions via videoconference, including that of Defendants' corporate designee, but they refuse to do so for Mr. Noble's deposition. As the CEO of Noble Supply & Logistics, LLC ("Noble Supply"), Mr. Noble has an incredibly busy schedule, and asking him to travel to Maryland for an in-person deposition would subject him to unnecessary annoyance and undue burden and expense.

## BACKGROUND

Plaintiff alleges that Defendants Noble Supply and its CEO, Mr. Noble, violated the Maryland Wage Payment and Collection Law by failing to pay him incentive payments and breached his employment agreement by not providing severance payments. (Doc. No. 3). Noble Supply's principal place of business is in Boston, Massachusetts. **Exhibit A**: Declaration of Thomas Noble, ¶ 3. Mr. Noble resides in Boston as well, and works out of Noble Supply's headquarters. *Id.* Mr. Noble does not regularly travel to Maryland for business or for personal reasons. *Id.* at ¶¶ 4, 5.

On February 22, 2024, counsel for Mr. Loeser sent an email proposing dates for Mr. Noble's deposition and indicated that it was to take place in Maryland. **Exhibit B**: February 2024 Exchange. Undersigned counsel responded that Mr. Noble resides and works in Boston, and the deposition would need to take place there. *Id.* Thereafter, Plaintiff's counsel unilaterally noticed Mr. Noble's deposition for a date that undersigned counsel was not available. **Exhibit C**: Deposition Notice of Thomas Noble for April 26, 2024. Along with this deposition notice, Plaintiff's counsel sent a letter that purportedly cited authority that supported their position that the deposition should take place in Maryland. **Exhibit D**: March 8, 2024 Correspondence.

2

After undersigned counsel informed Plaintiff's counsel that they and Mr. Noble were unavailable on the date they unilaterally selected, they proposed new dates for Mr. Noble's deposition, and made clear that Mr. Noble would only be available in Boston or virtually on those dates. **Exhibit E**: Mid-April 2024 Email Exchange. Undersigned counsel pointed out to Plaintiff's counsel that the case law that they cited in their correspondence actually supported Defendants' position that Mr. Noble's deposition should occur in Boston (if in person) because "in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located," even if that witness is a defendant. *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). **Exhibit F**: Late April 2024 Email Exchange at p. 5-6. In other words, the case upon which Plaintiff's counsel relied for their insistence that Mr. Noble travel to Maryland actually contradicted their argument. Despite this, Plaintiff's counsel repeatedly insisted – without basis – that the deposition take place in-person in Maryland. *Id.* at p. 1-5. The only support that they gave for their contention that the deposition should be held in Maryland was "for the reasons previously stated," *i.e.*, the case law that in actuality supported Defendants' position that Mr. Noble's deposition should take place in Boston or via videoconference. *Id.* at p. 1.

In an effort to resolve this issue prior to filing the Motion and in accordance with Local Rule 104.7, on May 3, 2024, Ms. Lineberry had a telephone conversation with Ms. Walker to discuss the location of Mr. Noble's deposition. Ms. Walker and Ms. Lineberry spoke for approximately 30 minutes regarding this issue and another discovery issue. However, counsel were unable to reach a resolution.

All other depositions of out-of-town witnesses in this case are occurring via virtual means, and there is no reason that Mr. Noble's deposition cannot be conducted virtually either, especially given that Mr. Noble is the CEO of Noble Supply and lives and works in Boston. Plaintiff has

indicated that he has acrimonious feelings toward Mr. Noble, and it is clear that those feeling are motivating Plaintiff's insistence that Mr. Noble come to Maryland to be deposed. *See* **Exhibit G**: Excerpt of Deposition Transcript of David Loeser (referring to Mr. Noble as a "coward").

## STANDARD OF REVIEW

This Court has the authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery[.]" Fed. R. Civ. P. 26(c). The United States Court of Appeals for the Fourth Circuit has held that orders under Rule 26(c) are within the discretion of the trial court and will not be disturbed on appeal unless such discretion is abused. *M & M Medical Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1992) (citing *Keyes v. Lenoir Rhyne College*, 552 F.2d 579, 581 (4th Cir. 1977)).

## ARGUMENT

Mr. Noble should not be forced to come to Maryland to be deposed, and Plaintiff should be required to depose Mr. Noble either via videoconference or in Boston, Massachusetts, if they insist on an in-person deposition.

There is a presumption that defendants should be deposed in the jurisdiction in which they reside. *Rapoca Energy Co. v. Amci Export Corp.*, 199 F.R.D. 191, 193 (W.D. Va. 2001) (citing *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988)); *see also The Bank of New York v. Meridien Biao Bank Tanzania, Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997) ("There is a general presumption that a non-resident defendant's deposition will be held where he or she resides or works."); *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993) ("In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial

4

distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party."); *Farquhar*, 116 F.R.D. at 72 ("While a court may order a defendant to appear at any convenient place, case law indicates that 'it will be presumed that the defendant will be examined at his residence or place of business or employment.'") (citing 4 Moore's Federal Practice Sec. 26.70[1-3], at 26-514 and cases cited therein)). "The rationale for the presumption of deference to the defendant is that the plaintiff is free to choose the forum within which to litigate. Since defendants are not before the court by choice, ***it is the plaintiff who should bear any reasonable burdens of inconvenience that the action presents***." *Dagen v. CFC Group Holdings Ltd.*, 2003 U.S. Dist. LEXIS 13859, at *5-6 (S.D.N.Y. 2003) (quoting *FDIC v. La Antillana, S.A.*, 1990 U.S. Dist. LEXIS 13246, at *3-4 (S.D.N.Y. Oct. 5, 1990) (emphasis added)).

Courts depart from this general rule only where there are peculiar or compelling circumstances that compel the court to order the depositions be held in a different location – circumstances that do not exist here. *See Kai Servs. v. MES Int'l, Inc.*, 2006 U.S. Dist. LEXIS 104972, at *5-6 (W.D.N.C. Apr. 7, 2006). When deciding whether peculiar or compelling circumstances exist, courts look at various factors, including: (1) the location of counsel for the parties; (2) the likelihood of significant discovery disputes arising that would necessitate resolution by the forum court; (3) whether the deponent often engages in travel to the forum for business purposes; (4) whether the individual defendant has filed a permissive counterclaim; (5) the equities with regard to the nature of the claim and the parties' relationship; (6) cost; (7) convenience; (8) litigation efficiency; and (9) the financial position of the deponent. *Id.* at *6.

Analyzing these factors, there are no such peculiar or compelling circumstances in this case.

*1. The Location of Counsel*

Here, counsel are scattered throughout the East Coast. Mr. Farley (counsel for Defendants who will be defending Mr. Noble's deposition) resides in Richmond, Virginia. Ms. Walker informed undersigned counsel that she resides in Tennessee. It seems that she will therefore have to travel regardless of whether the deposition is held in Maryland or Boston. Undersigned counsel assumes that Ms. Smithey resides in Maryland given that the firm bearing her name is located in Annapolis, Maryland. Thus, with the exception of Ms. Smithey, all counsel will be required to travel if this deposition is to occur in person. However, "the convenience of counsel is less compelling than any hardship to the witnesses." *Devlin v. Transportation Communs. Int'l Union*, 2000 U.S. Dist. LEXIS 264, at *11 (S.D.N.Y. Jan. 13, 2000). Here, the hardship to Mr. Noble is significant as he is the CEO of Noble Supply and would be required to take additional time out of his schedule to travel from Boston to Maryland.

*2. Likelihood of Discovery Disputes Arising*

While it is unlikely that there will be a need for judicial intervention to address any discovery disputes during the deposition, in practice, there is no difference in whether the deposition occurs in Maryland or Boston. This Court regularly conducts discovery conferences via telephone, particularly those that arise during depositions.

*3. Whether Mr. Noble Often Travels to Maryland*

Mr. Noble does not regularly travel to Maryland. Noble Decl., ¶¶ 4, 5. Indeed, the last time that Mr. Noble traveled to Maryland was in December 2023. *Id.* at ¶ 6.

*4. Whether the Individual Defendant Has Filed a Counterclaim*

No counterclaim has been filed in this action. Mr. Noble has not chosen to litigate in this Court, and as such, this factor also weighs in favor of Defendants.

5. *The Equities of the Case, Cost, and Convenience*

Mr. Noble is the CEO of Noble Supply, and as such his time is limited. Indeed, Mr. Noble states in his declaration that it would be difficult for him to travel to Maryland for a deposition given his schedule. Noble Decl., ¶ 7. As the CEO of Noble Supply, Mr. Noble's calendar is extremely full with meetings with clients, executives, and other employees, which are scheduled far in advance. *Id.* at ¶ 8. Therefore, it is unreasonable to ask him to take time out of his schedule or incur the costs to travel to Maryland to be deposed.

Moreover, the time, inconvenience, and costs to Mr. Noble should be juxtaposed against the relative convenience, ease, and economy presented by a remote deposition. Even prior to COVID, many depositions of out-of-town deponents successfully took place via videoconference. *See, e.g., Petersen v. Petersen*, 2014 U.S. Dist. LEXIS 167008, at *6 (E.D. La. Dec. 2, 2014) (explaining that during oral argument the Court discussed with counsel alternatives such as telephone or video depositions). Post-COVID, videoconference depositions have become commonplace. There is no reason that Mr. Noble's deposition could not take place via videoconference if Plaintiff's counsel is unwilling to travel to Boston for an in-person deposition. And in fact, Plaintiff's counsel has already conducted a deposition in this matter via Zoom and stated that they plan to take all other depositions via Zoom (with the exception of Mr. Noble's) as well. Thus, it is evident that there is no impediment to Plaintiff's counsel taking Mr. Noble's deposition via Zoom, and that it is only done to inconvenience Mr. Noble. If Plaintiff's counsel desires to take Mr. Noble's deposition in person, they should have to bear the cost to travel to Boston to do so.

6. *Litigation Efficiency*

This factor also weighs in favor of Defendants. The parties have been able to find a date that works for all counsel and Mr. Noble's schedules for a deposition via Zoom or in Boston. Should Mr. Noble be required to travel for a deposition, this matter will inevitably be delayed in order to find another date on which he is available to attend in-person in Maryland, as Mr. Noble will need to arrange for travel days to and from Boston, in addition to his deposition day.

7. *Financial Position of the Deponent*

Plaintiff chose to sue Mr. Noble in his individual capacity. Although counsel for Defendants represent both Mr. Noble and Noble Supply, Plaintiff is unreasonably asking Mr. Noble – an individual – to pay for the cost of traveling to Maryland to be deposed, despite the fact that the deposition could be conducted either where he resides or via virtual means.

Thus, all of these factors weigh in favor of Defendants, and it is clear that there are no peculiar or compelling circumstances that necessitate Mr. Noble traveling to Maryland for this deposition. Therefore, the general rule applies, and Mr. Noble should not be required to come to Maryland for his deposition. It is clear that Plaintiff's insistence that Mr. Noble travel to Maryland to be deposed is motivated by his personal animus toward him and not for any justifiable reason. Therefore, Defendants respectfully request the Court enter a protective order to protect Mr. Noble from the annoyance and undue burden and expense of having to travel to Maryland for an in-person deposition.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court grant the requested Motion for a Protective Order Regarding the May 23, 2024 Deposition of Thomas Noble, III, prohibiting Plaintiff from taking the deposition of Thomas Noble, III on May 23, 2024, in Annapolis,

Maryland, and requiring that Plaintiff take Mr. Noble's deposition either (1) in Boston if in person or (2) via virtual means.

Date: May 6, 2024                                          Respectfully submitted,

                                                           /s/ Rebecca W. Lineberry
                                                           Rebecca W. Lineberry (Fed Bar No. 21630)
                                                           McGuireWoods LLP
                                                           500 East Pratt Street, Suite 1000
                                                           Baltimore, Maryland 21202
                                                           T: (410) 659-4414
                                                           F: (410) 659-4475
                                                           rlineberry@mcguirewoods.com

                                                           Peter N. Farley (admitted *pro hac vice*)
                                                           McGuireWoods LLP
                                                           1075 Peachtree St. NE
                                                           35th Floor
                                                           Atlanta, GA 30309
                                                           T: (404) 443-5623
                                                           F: (404) 443-5680
                                                           pfarley@mcguirewoods.com

                                                           **Attorneys for Defendants**