**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAVID LOESER *

*Plaintiff*, *

v. * Civil No. 1:23-cv-02657-JKB

NOBLE SUPPLY AND LOGISTICS, LLC, *
AND THOMAS NOBLE, III,
*
*Defendants*.
*

* * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS BASED ON DEFENDANT'S FAILURE TO ATTEND DEFENDANT'S DEPOSITION, AND OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

TABLE OF CONTENTS

I. INTRODUCTION........................................................................................................... 1
II. BACKGROUND……………………........................................................................... 1
III. ARGUMENTS............................................................................................................... 7
IV. MOTION FOR PROTECTIVE ORDER SHOULD BE DENIED…………………………16
V. CONCLUSION................................................................................................................18

TABLE OF AUTHORITIES

CASES
*Alvarado v. Rainbow Inn, Inc.*, 312 F.R.D. 23, 33-34 (D.D.C. 2015).
*Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987).

OTHER AUTHORITIES
Fed. R. Civ. P. 37(d) ..................................................................................................... *passim*
Fed. R. Civ. P. 45(c)……………………………………………………………………..17

Plaintiff David Loeser ("Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure ("FRCP" or "Rule") 37(d), hereby files this Motion for Sanctions for Failure to Attend Defendant's Deposition, and in support thereof state as follows:

Plaintiff properly noticed the deposition of Thomas Noble, III, serving such notice on March 8, 2024, for the deposition on April 26, 2024, at 10:00 a.m., at Plaintiff's counsel's office in Annapolis, Maryland. ***See* Ex. 1 (Notice of Deposition of Thomas Noble, III)**. Defendant Thomas Noble, III ("Mr. Noble") is a party to this action, as an individual defendant as well as the Chief Executive Officer ("CEO") of Defendant Noble Supply and Logistics, LLC ("Noble Supply"). The Notice of Deposition ("Notice") was served on Mr. Noble's and Noble Supply's counsel on March 8, 2024. ***See* Ex. 2 at *1 (Emails Between Counsel, ending March 8, 2024)**.[1] Despite counsel for Mr. Loeser properly noticing Mr. Noble's deposition 49 days prior to the date of the deposition (***see* Ex. 1**), Mr. Noble and his counsel, Peter Farley, Esq. ("Mr. Farley"), failed to attend Mr. Noble's deposition on April 26, 2024, despite there being no pending motion for a protective order under Rule 26(c); therefore, sanctions under FRCP 37(d)(2) should be granted. ***See* Ex. 4 (Depo. Transcript, Thomas Noble, III, April 26, 2024).**

## I. BACKGROUND

On August 29, 2023, Plaintiff David Loeser filed a Complaint and Jury Demand ("Complaint") against Defendants Noble Supply and Mr. Noble,[2] individually, in the Circuit Court

[1] Mr. Noble and Noble Supply are also represented by Rebecca Lineberry, Esq., an associate attorney at the Baltimore, Maryland office of McGuireWoods LLP. Mr. Farley was admitted *pro hac vice* before this Court. Upon information and belief, Mr. Farley serves as lead counsel to Mr. Noble and Noble Supply in the current matter, and is primarily based in Atlanta, Georgia. ***See* Ex. 3 (Decl. of Lisa L. Walker, Esq.).** Prior to Mr. Loeser filing a complaint and Defendants removing the case to the U.S. District Court for the District of Maryland, Mr. Farley was the sole attorney representing Mr. Noble and Noble Supply in this matter. ***See id.***

[2] The parties stipulated to a dismissal of a third defendant in the original Complaint, Federal Resources Supply Company, LLC ("Federal Resources"), on September 27, 2023.

for Anne Arundel County, Maryland, which Defendants subsequently removed to this Court, September 29, 2023. ***See*** **ECF-3 (Complaint); ECF-1 (Notice of Removal)**. Plaintiff named Mr. Noble as a defendant, individually liable for the failure to pay Mr. Loeser's wages under the Maryland Wage Payment and Collection Law ("MWPCL"); therefore, Mr. Noble is a party to this matter, in addition to being the Chief Executive Officer ("CEO") of Defendant, Noble Supply. Plaintiff's counsel attempted to cooperate with Mr. Noble's counsel, on numerous occasions, to schedule a mutually available date to depose Mr. Noble. ***See*** **Ex. 3 (Decl. of Lisa L. Walker, Esq.)**; **Ex. 5 (Decl. of Joyce E. Smithey, Esq.).** Plaintiff's counsel began offering potential dates for Mr. Noble's deposition in email correspondence as early as January 22, 2024. ***See*** **Ex. 2 (Emails Between Counsel, ending March 8, 2024) at *12-13**. During this time, the parties were able to agree upon a date for Mr. Loeser's in-person deposition at Mr. Noble's counsel's office in Baltimore, Maryland. However, Plaintiff's counsel received no response from Mr. Noble's counsel regarding the first two dates first suggested – February 19, 2024, and February 21, 2024. ***See id.* at *12** (agreeing to a joint request to extend the end of discovery, but not responding regarding the suggested dates). The parties subsequently jointly moved to modify the scheduling order, in an effort to reduce costs prior to an upcoming settlement conference referred to a U.S. Magistrate Judge, which the parties had been unable to schedule due to Mr. Noble's requests to avoid attending or to attend only part of the conference, despite the Magistrate Judge's requests for Mr. Noble's availability.[3]

---

[3] This Court entered an Order referring the parties to a U.S. Magistrate Judge for a Settlement Conference on October 25, 2023, to be completed prior to the close of discovery on February 23, 2024. Following referral to a Magistrate Judge Matthew J. Maddox, the parties were subsequently reassigned to Magistrate Judge Erin Aslan ("Judge Aslan") on December 12, 2023. Judge Aslan's chambers, however, had no dates available until after the existing discovery deadline. The parties therefore jointly requested a modification of the scheduling order, on January 31, 2024, which

Following the Court's decision granting a modification of the scheduling order, extending discovery until May 23, 2024, Defendant's counsel sought to move Mr. Loeser's in-person deposition at their offices in Baltimore, Maryland, delaying it by approximately one month, with which Mr. Loeser's counsel cooperated (including suggesting numerous dates for Defendant's counsel to consider). ***See*** **Ex. 2 at *4-14.** After agreeing to a new date for Mr. Loeser's deposition, Plaintiff's counsel again requested that Mr. Noble's counsel similarly agree to a date for Mr. Noble's in-person deposition. ***See*** **Ex. 2 (Emails Between Counsel, ending March 8, 2024) at *3**. On February 22, 2024, Plaintiff's counsel offered two (2) new dates (April 23, 2024, and April 24, 2024) for Mr. Noble's deposition, noting that their availability was limited due to multiple jury trials following the March 29, 2024, Settlement Conference. ***Id.*** **at *3**; ***see also*****, Ex. 5 (Decl. of Joyce E. Smithey)**.

On February 26, 2024, after Mr. Noble's counsel refused April 23, 2024, and April 24, 2024, Plaintiff's counsel offered two (2) more dates – April 2, 2024, and April 4, 2024.[4] ***Id.*** **at *2**. This time, Plaintiff's counsel requested that, if neither of these dates worked, Mr. Noble's counsel should provide alternative dates in April, noting again that scheduling would be extremely difficult in May 2024 due to upcoming jury trials. ***Id.*** Rather than provide alternative dates for Mr. Noble's deposition, however, Mr. Noble's counsel responded on February 27, 2024, again denying the two dates offered by Mr. Loeser's counsel without offering any alternative dates, and stating for the first time that Mr. Noble's deposition must take place in Boston, Massachusetts. ***Id.*** **at *1.** Given

included a request to extend the discovery deadline, given the latest potential date for the settlement conference with Judge Aslan. This Court granted the parties' request on January 31, 2024, which provided a deadline of May 23, 2024, to conclude discovery.

[4] Plaintiff's counsel had so far proposed six dates for Mr. Noble's deposition, apparently never selecting a viable date for Mr. Loeser, but never receiving any dates available for Mr. Noble in response, despite their requests. *Id.*

the significance of Mr. Noble's testimony as the primary decision maker related to both Mr. Loeser's unpaid commissions and related to the breach of contract action, and the length of time it had taken to attempt to schedule Mr. Noble's deposition, it was vital for Plaintiff's counsel to schedule a date for the deposition as soon as possible, and allow Mr. Noble to suggest alternative dates, particularly given Plaintiff's counsel's upcoming scheduling challenges. ***See* Ex. 2 (Emails Between Counsel, ending March 8, 2024) at *2 – 5**.

Given the previous attempts to schedule Mr. Noble's deposition, and Mr. Noble's counsel's failure to provide even a single alternative date for Mr. Noble's deposition over a period of more than two months of attempting to schedule Mr. Noble's deposition, Mr. Loeser's counsel found the only other full day that remained available without moving other appointments in April 2024 (effectively, the seventh date offered to Mr. Noble), and noticed Mr. Noble's deposition for April 26, 2024 providing the Notice on March 8, 2024. ***See* Ex. 1 (Notice of Deposition)**. Plaintiff's counsel included with the Notice a letter to Mr. Noble's counsel, stating that they would cooperate to move the deposition to an alternative date, *if Mr. Noble's counsel would provide alternative dates upon which Mr. Noble was available* so that Plaintiff's counsel could attempt in good faith to accommodate Mr. Noble's schedule around their upcoming trial dates in April and May 2024. ***See* Ex. 7 (March 8, 2024, Letter Regarding Deposition Notice)**.

Mr. Noble's counsel's sudden demand that the deposition must be held in Boston, Massachusetts was apparently something he had not decided until after Mr. Loeser's counsel had offered and held six dates previously. ***See* Ex. 2 (Emails Between Counsel, ending March 8, 2024) at *2 – 5.** Mr. Noble, however, is and was a party to this action, not a non-party witness. He employed employees in the State of Maryland, had retained counsel in Maryland, and regularly traveled to Maryland (as well as Washington, D.C.) many times per year to transact business in

person – a fact which Mr. Loeser had observed on numerous occasions during his employment with Defendants. ***See*** **Ex. 9 (Decl. of David Loeser)**.

Less than two weeks after noticing Mr. Noble's deposition, Mr. Loeser made himself available in-person for his deposition on March 20, 2024, at Defendant's counsel's offices in Baltimore, Maryland. Mr. Noble made arrangements and stayed in a hotel near the location of the deposition the night before and missed an event the night of the deposition on March 20, 2024. ***See id.*** Mr. Farley and co-counsel were present, with Plaintiff's counsel, Lisa L. Walker, Esq. attending to defend Mr. Loeser's deposition. ***See*** **Ex. 3 (Decl. of Lisa L. Walker).** Counsel for both Mr. Loeser and Mr. Noble, however, have offices in Maryland, where attorneys representing both sides are parties are based. ***See*** **Ex. 3 (Decl. of Lisa L. Walker, Esq.)**. In addition to being consistent with Rule 45 – making an exception for deponents to travel more than 100 miles to be deposed where the deponent is a party and regularly transacts business in person in the state – Mr. Noble traveling to Maryland, where the trial in this matter will be held, and where he often transacts business anyway, would clearly reduce significant fees and costs on both sides and would not be an undue burden for Mr. Noble..

For more than five (5) weeks after March 8, 2024, when Mr. Noble's counsel received the Notice of Mr. Noble's deposition and letter explaining Plaintiff's basis for deposing Mr. Noble in Maryland, Mr. Noble's counsel did not raise any concerns related to Mr. Noble's deposition date or the location in Maryland. ***See*** **Ex. 7 (Deposition Notice Letter)**. It was not until April 15, 2024, that Mr. Noble's counsel first stated that Mr. Noble and/or Mr. Farley could not attend the properly noticed deposition. ***See*** **Ex 6 (Emails Between Counsel, ending April 18, 2024)**. They did so just nine (9) days prior to the date of Mr. Noble's deposition, when Plaintiff's counsel's availability

was severely limited for the remainder of the discovery period, which had already been extended by two months to attempt a resolution at the settlement conference. ***Id.***

In addition, the purported basis for Defendant and his counsel's decision to ignore the proper notice and Rule 37(d) was allegedly based on Defendant's assertions that Mr. Noble must be deposed in the city where he currently lives. Mr. Noble, however, is not a non-party deponent. Although Plaintiff's counsel were not required to serve Mr. Noble with a subpoena since he is a party to this case; however, the same Rule and exceptions apply, as Plaintiff will argue in more depth in response to Defendants' recently filed motion for protective order. However, it is worth noting here that, not only would the cost of Mr. Noble's travel to Maryland for a one-day deposition not be an undue financial hardship for him, but upon information and belief, Mr. Noble travels to the State of Maryland and Washington, D.C. frequently to transact business in person, multiple times per year. ***See*** **Ex. 9 (Decl. of David Loeser)**.

The delay in raising any concern related to the April 26, 2024, deposition of Mr. Noble is not the first time that Defendants have substantially delayed cooperating with Plaintiff's counsel. Defendants substantially delayed their document production well beyond the mutually agreed extended deadlines Plaintiff's counsel offered in a good faith effort to cooperate, and then refused to provide an estimate for when Defendants would produce all of the documents they planned to turn over. ***See*** **Ex. 10 (Emails ending February 8, 2024)** (failing to provide any estimated date to produce the majority of Defendants' document production in response to Plaintiff's Counsel's requests). Mr. Loeser's counsel have also provided numerous dates over a period of months for other depositions and have only recently been able to secure potential dates for two of the three remaining depositions sought, just prior to Defendant filing its motion for protective order. ***See*** **Ex. 6 (Emails ending April 18, 2024)**. Defendants' counsel repeatedly refused to respond to Mr.

Loeser's counsel's requests for proposed deadlines for document productions and dates for depositions, and instead, they have assumed that the parties may jointly seek modifications of the Scheduling Order to extend the discovery period, causing unnecessary delays and attorneys' fees and costs for Mr. Loeser. ***See* Ex. 6 (Emails ending April 18, 2024) at 4**.

After Mr. Noble failed to attend the deposition on April 26, 2024, on April 29, 2024, Mr. Noble's counsel finally suggested a date that Mr. Noble could be available to be deposed within the discovery period that was not during Plaintiff's counsel's jury trial in May. The second deposition date – May 23, 2024 – is also the discovery deadline. On May 6, 2024, after Plaintiff's counsel confirmed their intent to hold the deposition in Maryland at their offices in Annapolis, Mr. Noble's counsel filed a motion for protective order. ***See* ECF 19**. Doing so, Defendants' counsel has demonstrated that they could have easily filed a similar motion for protective order prior to the April 26, 2024, deposition, which would have excused Mr. Noble's failure to attend until the Court decided the dispute, and chose not to. Indeed, Defendant's counsel was able to file the motion for protective order related to Mr. Noble's upcoming May 23, 2024, deposition just prior to receiving the formal Notice of Deposition. In contrast to the pending motion for protective order, they had seven full weeks to do so after receiving the notice of Mr. Noble's deposition on April 26, 2024; however, they never filed a motion for protective order to object to the date or location.

## II. ARGUMENTS

### *A. Mr. Noble's and his Counsel's Failure to Appear at his Deposition Warrants Sanctions Under Rule 37(d).*

Mr. Noble's absolute failure to attend his deposition on April 26, 2024, with no pending motion for protective order, is an overt violation of the Rules and worthy of sanctions under Rule 37(d), regardless of the reasons why Mr. Noble did not want to attend his deposition on April 26, 2024. He knew about it so far in advance, it is absurd that there could be any good faith basis to

avoid attending, or else file a motion for protective order well before the date of the deposition. Mr. Loeser has already had to expend valuable resources on unnecessary delays in the discovery process and communications between counsel on scheduling depositions and moving deadlines. In addition to being consistent with Rule 45 – making an exception for witnesses to travel more than 100 miles to be deposed where the deponent is a party, as well as regularly transacts business in person in the state – Mr. Noble traveling to Maryland would clearly reduce significant fees and costs on both sides and would not be an undue burden for Mr. Noble. ***See*** **Plaintiff's Opposition to Defendants' Motion for Protective Order** (discussing relevant case law).

Mr. Loeser's counsel properly noticed Mr. Noble's deposition and, despite Mr. Loeser's counsel insisting that the parties find an available date for Mr. Noble's deposition as soon as possible given upcoming jury trials, Mr. Loeser's counsel waited until nine (9) days prior to the scheduled deposition to raise any issue with the deposition on April 26, 2024, as noticed on March 8, 2024. ***See*** **Ex. 6 (Emails between Counsel, ending April 18, 2024).** Even with Plaintiff's counsel's upcoming jury trials in April and May, the time remaining between the date Plaintiff's counsel sent the notice on March 8, 2024, the end of the discovery period on May 23, 2024, could have provided more than sufficient time to complete the remaining depositions if scheduled in advance. Plaintiff's counsel made significant good faith efforts to schedule Mr. Noble's deposition far in advance, ultimately providing 49 days' notice of the Mr. Noble's deposition given their limitations in April and May 2024, explained the basis for holding the deposition in Maryland, and assumed Mr. Noble and his counsel had accepted such basis and would attend the deposition on April 26, 2024. That is particularly true given that Mr. Noble and his counsel never filed a motion for a protective order objecting to the location of the deposition in Maryland or the date of the deposition on April 26, 2024, prior to Mr. Noble's deposition on April 26, 2024.

There is absolutely no substantive justification for Defendants' counsel to delay until they were aware that Mr. Loeser's counsel would be occupied with a jury trial, more than five weeks after learning of the deposition date, to assert a scheduling conflict for April 26, 2024, and disagreement with the location of the deposition, particularly given that Mr. Loeser's counsel explained in a letter the reasons for deposing Mr. Noble in Maryland, and doing so in person, as Defendants' Counsel had required for Mr. Loeser. Yet, the first instance in which Mr. Noble's counsel raised any purported conflict with the April 26, 2024, date of Mr. Noble's deposition was on April 15, 2024. ***See* Ex. 6 (Emails ending April 18, 2024)**.

Even in Defendants' counsel's email on April 15, 2024, Defendants' counsel did not raise any issue with the location in Maryland, as properly noticed, and stated only that either Defendants' counsel or Mr. Noble had "unmovable conflicts" for the April 26, 2024, deposition, despite being put on notice of the deposition date on March 8, 2024. ***Id.* at 4-5.** It was not until counsel for the parties spoke by phone on April 18, 2024 that Mr. Farley proposed any "alternative" date – May 15, 2024 (when he knew that Mr. Loeser's counsel would be in a jury trial) and May 26, 2024 (outside of the discovery period). Even so, he did not state during the call that Mr. Noble could only be deposed on such dates in Boston, Massachusetts. ***See* Ex. 3 (Decl. of Lisa L. Walker, Esq.)**. Instead, Mr. Farley's co-counsel, Ms. Lineberry sent a follow up email after the call on April 18, 2024, stating that the already unworkable dates proposed were available only if Mr. Loeser's counsel traveled to Boston, Massachusetts. ***See* Ex. 6 (Emails ending April 18, 2024)** ("One point of clarification that I wanted to mention—Mr. Noble is available to be deposed in Boston or via Zoom on May 15 and May 29.").

Rule 37(d) authorizes this Court to order sanctions for Mr. Noble's failure to attend his own deposition, properly noticed and served upon Mr. Noble's counsel, Mr. Farley, on March 8,

2024, "which may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." **Rule 37(d)(3).** Mr. Noble's and his counsel's blatant disregard for the requirements of Rule 37(d) to properly challenge or object to the location of Mr. Noble's deposition warrants this Court's grant of sanctions against Mr. Noble and Mr. Farley. Pursuant to Rule 37(d)(3), this Court "***must require*** the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified," absent circumstances making an award of expenses unjust. Rule 37(d)(3) (emphasis added).

Rule 37(d) further states that the party who failed to act "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." *Id.* No motion for protective order was pending as of the date of Mr. Noble's deposition on April 26, 2024. No circumstances pertaining to the April 26, 2024, Deposition of Mr. Noble would render an award, requiring Mr. Noble and his counsel to reimburse Mr. Loeser for his attorneys' fees and costs, unjust. That is particularly true given that Mr. Noble and his counsel have subsequently filed a motion for protective order in relation to the May 23, 2024, Deposition of Thomas Noble. Mr. Noble and Mr. Farley could have easily avoided wasting time for both parties and the instant motion by providing available dates that Mr. Noble would attend in Maryland prior to the date properly noticed, and/or by filing a motion for protective order prior to April 26, 2024, objecting to the basis given for Plaintiff's counsel holding the deposition in-person in Maryland. Mr. Farley twice threatened that he intended to file a motion with this Court if Plaintiff's counsel did not agree to reschedule Mr. Noble's deposition without alternative dates from Mr. Farley. Indeed, Plaintiff's counsel even informed Mr. Noble's counsel of the appropriate remedy in the event that Mr. Noble refused to attend the deposition on April 26, 2024, and Mr.

Farley did not file any appropriate motion prior to the date of the properly notice deposition. ***See* Ex. 8 (Emails between Counsel, ending April 25, 2024)**.

Given that Mr. Farley did not file a motion for protective order, and Mr. Loeser's counsel did not agree to reschedule the deposition indefinitely without any commitment from Mr. Noble to attend his deposition on an alternative date, Mr. Loeser's counsel was obligated to move forward with the deposition on April 26, 2024, including scheduling and paying for a court reporter to attend. ***See* Ex. 4 (Deposition Transcript)**; **Ex. 5 (Decl. of Joyce E. Smithey, Esq.)**.

In contrast to FRCP 37(d)(2), Mr. Noble's Counsel did not file a motion for a protective order under Rule 26(c) or any other appropriate motion prior to April 26, 2024, despite Plaintiff's counsel stating, repeatedly, that Plaintiff would not agree to rescind the Notice unless Defendant offered dates within the discovery period to be deposed so that Plaintiff's counsel could check their availability. ***See* Ex 8 (Emails Between Counsel, ending 18, 2024)**. The fact that Mr. Noble's counsel could not even provide a single date within the discovery period (other than when they knew Mr. Loeser's counsel would be in trial) required Mr. Loeser's counsel to be even more cautious about whether Mr. Noble would act in good faith to find a mutually available date if Plaintiff agreed to postpone his deposition. Yet, despite providing no alternative dates, and Mr. Loeser's counsel repeatedly insisting on securing an alternative date before agreeing to reschedule the April 26, 2024, Mr. Noble and his counsel never filed a motion for a protective order and merely stated their intent not to show up, ignoring the rules of procedure completely. "[E]ven if proper notice was given, defendants cannot avoid the compulsion of a properly noticed deposition merely by offering alternative future dates." *Alvarado v. Rainbow Inn, Inc.*, 312 F.R.D. 23, 33-34 (D.D.C. 2015). Similar to Defendants in *Alvarado*, Mr. Noble "cannot continually frustrate plaintiff's opportunity to pursue discovery… and expect the approval of this Court." *Id.* (granting

motion for sanctions and awarding plaintiff "costs and attorney's fees resulting from defendants' failure to appear for their depositions….").

The Court may "order sanctions if: (i) a party or a party's officer, director, or managing agent… fails, after being served with proper notice, to appear for that person's deposition…." Rule 37(d)(1)(A)(i). In addition, Mr. Noble and Mr. Farley were not excused from attending such deposition because they believed the date, location, or any other characteristic of the properly noticed deposition was objectionable, "unless the party failing to act has a pending motion for a protective order under Rule 26(c). Mr. Noble is not allowed to ignore clear, well-established requirements under the Rules, simply because he is a "busy" CEO of a large company. ***See* Defendant's Motion for Protective Order at 2** (arguing Mr. Noble has "an incredibly busy schedule" as a basis for avoiding an in-person deposition in the State of Maryland). Others involved in this matter, including Mr. Loeser and his counsel, are also "busy," with previously scheduled appointments and appearances in court; yet, Mr. Noble's unreasonable delays, lack of cooperation, attempts to ignore this litigation or the requirement of his attendance to avoid his own inconvenience, without complying with the Rules, have cost Mr. Loeser significant time and expense. Plaintiff requests reimbursement of his reasonable attorneys' fees and expenses related to Mr. Noble's and his counsel's failure to attend Mr. Noble's deposition.

Mr. Noble chose to acquire a Maryland company and employ individuals in the State Maryland, and it is and was wholly reasonable and foreseeable that Mr. Noble may need to travel to Maryland during the course of litigation, where he often transacts business. More importantly, however, Mr. Noble and his counsel are subject to the same Rules as Mr. Loeser and his counsel and as such, this Court should order sanctions against Mr. Noble and/or his counsel, Mr. Farley,

including reimbursement of Mr. Loeser's attorneys' fees and costs related to Mr. Noble's failure to comply.

***B. Mr. Loeser's Attorneys' Fees and Costs Should be Reimbursed and Mr. Noble Should be Compelled to Attend his Deposition in Maryland, as Currently Noticed for May 23, 2024.***

This Court should grant Plaintiff's Motion for Sanctions, based on Mr. Noble's and his counsel's absolute failure to either show up for Mr. Loeser's April 26, 2024, deposition, or file a protective order in advance. This Court should award attorneys' fees and costs to Plaintiff, in addition to requiring Mr. Noble to attend his deposition as properly noticed for May 23, 2024, in Maryland, where Plaintiff previously held the April 26, 2024, deposition for which Mr. Noble failed to attend, Mr. Noble travels to conduct business in person, and where Mr. Noble and his company acquired a company and employed individuals, including Mr. Loeser.

Where sanctions are appropriate for failing to attend a party's own deposition, Rule 37 requires the Court to order the party failing to attend to reimburse the moving party for the party's reasonable expenses, including attorneys' fees. *See* Rule 37(d)(3). There is absolutely no substantial justification for Mr. Noble's and his counsel's failure to attend the deposition on April 26, 2024, without a motion for protective order pending, and an award of fees would not be unjust. Accordingly, Plaintiff respectfully requests that this Court award Plaintiff his reasonable attorneys' fees and costs, including fees and expenses incurred in attempting to schedule the deposition ultimately noticed for April 26, 2024, time expended in the drafting of this motion and to collect support for Mr. Loeser's attorneys' fees and costs, in addition to the cost of the court reporter Plaintiff's Counsel was not able to cancel, due to Mr. Noble's counsel never filing a motion for protective order, without waiving Mr. Loeser's right to depose Mr. Noble during the discovery period on April 26, 2024, or else receive alternative dates from Mr. Noble's counsel. As of April

15, 2024, Mr. Noble's counsel wholly failed to provide a single date on which Mr. Noble could be deposed at *any* location.

Prior to April 26, 2024, Mr. Noble's counsel failed to provide any date in good faith within the discovery period for Plaintiff to depose Mr. Noble – offering only one (May 15, 2024) which Mr. Farley already knew, from Plaintiff's counsel's numerous notices, that Plaintiff's counsel would be in a jury trial. Indeed, Mr. Noble has waited until his counsel were aware that Mr. Noble's counsel would be preparing for and occupied by a jury trial to begin arguing these issues, with few dates remaining on Mr. Loeser's counsel's calendar still available during the discovery period. Indeed, due to the delays by Defendants' counsel, all of the depositions, regardless of location now must be scheduled in the final days of the discovery period (May 20, 21, and 23, 2024), which Plaintiff's counsel sought to avoid. ***See* Ex. 2 (Emails between Counsel, ending March 8, 2024)** (stating that Plaintiff's counsel needed to schedule depositions as soon as possible due to jury trials in April and May 2024); ***see also* Ex. 11 (Emails regarding Final Deposition Scheduling)**.

The Court can sanction a party if "a party or a party's officer, director, or managing agent… fails after being served with proper notice, to appear for that person's deposition…." Rule 37(d)(1)(A). Sanctions may include any of those listed for non-compliance with a Court Order under Rule 37(b), including sanctions up to rendering a default judgment against the disobedient party. Here, however, Plaintiff respectfully requests that this Court simply order Mr. Noble to attend his deposition in person at Plaintiff's counsel's office in Annapolis, Maryland. This is not an undue hardship for Mr. Noble, given he has made many trips to Maryland to transact business in person, and his company maintains offices in Maryland. Employing employees in the State of Maryland, moreover, makes it entirely foreseeable that Mr. Noble may have to travel to the state for litigation in the event of a legal dispute.

Plaintiff's counsel has acted reasonably and in good faith in response to numerous unreasonable delays, attempting to avoid Defendants' Counsel's attempts to antagonize personal disputes between Mr. Farley and Mr. Loeser. ***See* Ex. 11 (Emails ending May 1, 2024)** (Mr. Farley responding to Plaintiff's Counsel's *suggestion* of April 29, 2024, to schedule remaining depositions to avoid conflicting with Plaintiff's counsel's trial schedule) ("[A]s I explained, April 29 is my birthday […] As a result, not only is it unreasonable for you to unilaterally select April 29, but to do so knowing of my personal conflict is a first. It appears Mr. Loeser's personal animus is motivating this, and we will bring that to the court's attention if necessary."). In contrast to Defendant's Motion for Protective Order, Plaintiff has not been the side seeking to extend litigation in this matter or to bring discovery disputes to this Court unnecessarily. ***See id.* at *8** (Plaintiff's counsel attempting to reason with Mr. Farley and his personal remarks regarding Mr. Loeser's alleged attempt to interfere with Mr. Farley's birthday).

Counsel for Mr. Loeser put Mr. Noble's counsel on notice well in advance of the deposition in this matter, and the delay in raising the current disputes over the date and location of Mr. Noble's deposition on April 26, 2024, as well as Defendants' counsel's failure to file a protective order prior to such properly noticed deposition, is the primary source of the current dispute now being raised while Mr. Loeser's counsel are temporarily occupied in another case at trial. Indeed, in an effort to contend with the delays from Defendants' counsel, Plaintiff's counsel has had to schedule all remaining depositions on the days immediately following their upcoming jury trial and will have little time to prepare due to Defendants' counsel's delays in providing available dates for scheduling such depositions in advance. ***See* Ex. 11** (Emails from Plaintiff's counsel agreeing to dates proposed by Defendants' counsel, only after failing to appear at the April 26, 2024, deposition of Mr. Noble).

Unless Mr. Noble attends the deposition as properly noticed for May 23, 2024, Plaintiff will be forced to request an extension of the discovery deadline due to Defendants' repeated delays in raising issues or simply not showing up for a properly noticed deposition. If Mr. Noble is unable to attend his deposition in Annapolis at Plaintiff's counsel's offices, or if Plaintiff and Plaintiff's counsel are required to travel to Boston, Massachusetts, Plaintiff's counsel will not be able to accommodate the late May 23, 2024, deposition date offered, and will need an extension of the discovery period to complete this significant deposition. This is in spite of the fact that Plaintiff's counsel repeatedly sought an available date as early as possible in good faith, and Mr. Noble and his counsel failed to show up for a properly noticed deposition, failing to comply with Rule 37(d). Mr. Noble and his counsel unequivocally ignored the requirements of Rule 37(d) after repeated delays and attempts for Mr. Noble to escape the Court's requirements of him during litigation.

This motion is made in good faith and not with the intent to unnecessarily delay the remainder of the proceedings in this case. Attached as Exhibits 3 and 5 are declarations from Plaintiff's counsel, certifying their efforts to find mutually available dates and attempt to resolve these matters in good faith since January 22, 2024.

## IV. DEFENDANTS' MOTION FOR PROTECTIVE ORDER SHOULD BE DENIED

In the interest of efficiency and saving judicial resources, and given the similar relevant background and Plaintiff's requests to this Court, Plaintiff hereby addresses his opposition to Defendants' Motion for Protective Order Regarding the May 23, 2024 Deposition of Thomas Noble, III ("Defendant's Motion"). Defendant filed the Motion upon Plaintiff's counsel agreeing to schedule Mr. Noble's deposition a second time, this time for May 23, 2024, the last day of the discovery period. As stated throughout the above, Plaintiff agreed to Defendant's terms related to Mr. Loeser's deposition on March 20, 2024, including to be deposed in person, at Defendant's

counsel's offices. Defendants' argument, "post-COVID, it is regular practice for individuals who live outside the state where the litigation is pending to be deposed via remote means," is disingenuous and conflicts with Defendants' own requirements for Mr. Loeser's deposition, as it was Defendants' preference, not Mr. Loeser's, to depose him in person at Defendants' counsel's offices in Baltimore City, for which Mr. Loeser had to obtain a hotel room the night before to ensure he was present on time the following morning. Defendants' counsel clearly believed there was a reason to depose Mr. Loeser in person or Mr. Farley would not have traveled from Atlanta, Georgia to depose Mr. Loeser in person, costing both parties significantly more. Indeed, Plaintiff's counsel traveled from Nashville, Tennessee to defend Mr. Loeser's deposition on March 20, 2024, which Defendants' counsel knew in advance she was planning to do.

The basis for the motion is that Mr. Noble is too busy to come to Maryland to be deposed, despite failing to show for his April 26, 2024, deposition without a pending motion for protective order, pursuant to Rule 37(d). Mr. Noble simply believes he should not have to devote time to this litigation, as the motion reiterates throughout. As Defendants' own citation makes clear, "[A] court may order a defendant to appear at any convenient place, case law indicates that 'it will be presumed that the defendant will be examined at his residence or place of business or employment.'" *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). Pursuant to Rule 45(c):

> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>
> (i) is a party or a party's officer; or
>
> (ii) is commanded to attend a trial and would not incur substantial expense.

Although Plaintiff was not required to subpoena Mr. Noble, and was permitted to serve a proper notice of deposition on Mr. Noble's Counsel – because he is both an officer of Noble Supply

and an individual party – the Rule makes clear that there are exceptions to the general requirement that a deposition should be held where the deponent resides. One such exception is if the deponent is a party to the case, and regularly transacts business in person. Rule 45(c). Mr. Noble regularly transacts business on behalf of Noble Supply in the State of Maryland, often flying into Reagan International Airport to attend to business. ***See*** **Ex. 9.** Mr. Noble further is the CEO of a company which acquired a Maryland company, and he continues to maintain offices in the State of Maryland. *Id.* It is not an undue burden on Mr. Noble to travel to Maryland, where he employs employees, regularly transacts business, and where his company maintains offices, in addition to Boston, Massachusetts. ***See*** **Ex. 9 (Decl. of David Loeser).** "[T]he examining party may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place." *See* §2112 Place of Examination, 8A Fed. Prac. & Proc. Civ. § 2112 (3d ed.). For all of the reasons stated above, it is less burdensome on all of the parties for Mr. Noble to take a little more than a day out of his schedule to be deposed in a case in which he is an individual defendant and has many ties to this state.

## V. <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that the Court grant the requested Motion for Sanctions, and order (1) Defendant Thomas Noble, III, and his counsel, Peter Farley, Esq., to reimburse Mr. Loeser's reasonable attorneys' fees and costs related to their failure to attend Mr. Noble's deposition on April 26, 2024, absent any pending protective order, in an amount to be determined by this Court after reviewing supportive documentation of such costs; and (2) that

Thomas Noble, III, attend his deposition on May 23, 2024, in-person, at Plaintiff's Counsel's offices in Annapolis, Maryland, without further delay or dispute.

Respectfully submitted,

/s/

Joyce E. Smithey, Esq. (Fed Bar No. 27531)
Lisa L. Walker, Esq. (Fed Bar No. 24258)
Smithey Law Group LLC
706 Giddings Avenue, Suite 200
Annapolis, Maryland 21401
T: (410) 919-2990
F: (410) 280-1602
joyce.smithey@smitheylaw.com
lisa.walker@smitheylaw.com

***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10th, 2024, a copy of the foregoing document was filed with the Court's CM/ECF system, which sent electronic notice to all counsel of record, including:

Rebecca W. Lineberry (Fed Bar No. 21630)
McGuireWoods LLP
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202
rlineberry@mcguirewoods.com

Peter N. Farley (admitted *pro hac vice*)
McGuireWoods LLP
1075 Peachtree St. NE
35th Floor
Atlanta, GA 30309-3900
pfarley@mcguirewoods.com
***Attorneys for Defendants***

/s/
Lisa L. Walker, Esq.