IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID LOESER, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-23-02657 |
| NOBLE SUPPLY AND LOGISTICS, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendants filed a Motion for Protective Order Regarding the May 23, 2024 Deposition of Defendant Thomas Noble, III. (ECF No. 19.) In response, Plaintiff filed a Motion for Sanctions and Opposition to Defendants' Motion for Protective Order. (ECF No. 21.) The Court will grant Defendants' Motion for a Protective Order and will deny the Plaintiff's Motion for Sanctions.

### I. *Background*

The Court will not recite herein the entirety of the lengthy and acrimonious back-and-forth between counsel for the parties. As is relevant here, counsel for Defendants notified counsel for Plaintiff as early as February 27, 2024 that Noble's deposition should occur in Boston. (ECF No. 19-5.) Despite that notification (and despite the fact that Noble lives and works in Boston), on March 8, 2024, Plaintiff's counsel noticed the deposition for April 26, 2024 in Annapolis. (ECF Nos. 19-6, 19-7.) Thereafter, the parties disagreed regarding the date and location of the deposition, and Defendants' counsel notified Plaintiff that they were not available on April 26, and that Noble should be deposed in Boston or virtually. (*See, e.g.*, ECF No. 19-9.)

The record reflects that Noble did not appear for the April 26 deposition and that there was

no motion for a protective order pending at that time. However, the record also reflects that counsel were actively engaged in discussions regarding rescheduling that deposition on and around April 26. (*See* ECF No. 19-9 at 6 (April 25, 2024 email from counsel for Defendants stating that they repeatedly told counsel for Plaintiff that they are not available for the April 26 deposition date).) The record also reflects that Plaintiff's counsel agreed to reschedule the April 26 deposition to May 23. (*Id.* at 2 (May 1, 2024 email from counsel for Plaintiff stating: "We can confirm May 23rd for Mr. Noble's deposition. We are still planning to note the deposition to begin at 10:00 am, in person in Maryland, for the reasons previously stated.").) The deposition is now scheduled to occur on May 23 in Annapolis, Maryland.

## II. *Motion for Protective Order*

Plaintiff seeks to depose Noble in Annapolis, Maryland and Defendants seek for the deposition to occur virtually or in Boston, Massachusetts. (*See generally* ECF No. 19.) Defendants have moved for a protective order. (*Id.*) The Court will grant Defendants' Motion.

Rule 45(c)(1) provides that:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.[1]

Plaintiff argues that "Mr. Noble chose to acquire a Maryland company and employ individuals in the State [of] Maryland, and it is and was wholly reasonable and foreseeable that Mr. Noble may need to travel to Maryland during the course of litigation, where he often transacts

---

[1] Plaintiff argues that Rule 45 governs this issue, while Defendants disagree, arguing that Rule 45 only covers depositions of non-parties. However, Rule 30 states that "[a] party may . . . depose any person, including a party" and that "[t]he deponent's attendance may be compelled by subpoena under Rule 45." Thus, the Court will assess the propriety of seeking to depose Noble in Maryland Dunder Rule 45.

business." (ECF No. 21 at 13.) The question is not whether Noble owns a Maryland company, employs individuals in Maryland, or "transacts business" in Maryland. The question is whether he "regularly transacts business *in person*" in Maryland (or within 100 miles of Annapolis). The record reflects that he does not.

Defendants have attached a Declaration to their Motion, which reflects that Noble primarily works in Boston, Massachusetts, and does not regularly travel to Maryland. (ECF No. 19-4.) The last time Noble was in Maryland was in December 2023, several months ago. (*Id.*) Plaintiff also submitted a Declaration. (ECF No. 22-3.) In it, he explains that, when he was employed by Noble Supply and Logistics, LLC, he "estimate[s]" "[u]pon information and belief" that Noble traveled to Maryland "up to 10" times a year. (ECF No. 22-3.) Not only is this statement made solely "upon information and belief," but Plaintiff's employment with the company ended in 2022. (*See* ECF No. 3 ¶ 51.) Therefore, the Court credits Defendants' statements regarding the frequency of Noble's travel to Maryland, and concludes that he does not regularly travel to Maryland such that a deposition in Annapolis would be appropriate under Rule 45.[2]

The Court will grant Defendants' Motion for Protective Order. (ECF No. 19.) The Court expresses no view on whether the deposition should occur virtually or in person at a location that is appropriate under Rule 45.

### III.   *Motion for Sanctions*

Plaintiff's Motion for Sanctions (ECF No. 21) will be denied. Plaintiff requests sanctions for Noble's failure to appear at his April 26, 2024 deposition. Rule 37(d)(1) provides that "[t]he

---

[2] The Court likewise does not find compelling Plaintiff's tit-for-tat argument that, because Loeser was required to appear in person for his deposition in Baltimore, Noble must appear in person in Annapolis. (*See* ECF No. 21 at 18.) First, there is no dispute that Loeser lives in Maryland. Therefore, under Rule 45, that his deposition occurred in person in Baltimore is appropriate. Second, "[o]rdinarily, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2112 (3d ed.).

court . . . may, on motion, order sanctions if: (i) a party or a party's officer . . . fails, after being served with proper notice, to appear for that person's deposition[.]" Rule 37(d)(3) provides that sanctions may be imposed "unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Plaintiff's request for a sanction misses the mark. Plaintiff has apparently filed this request in response to Defendants' request for a protective order. While the Court recognizes that there was no pending discovery-related motion on April 26, the parties were actively communicating regarding the need to reschedule the deposition, and as noted above, Plaintiff's counsel then agreed to reschedule the deposition to May 23. Under these circumstances, the Court concludes that a sanction is not appropriate.

### IV.  Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion and will deny Plaintiff's Motion. A final note: the Court expects issues such as those raised in the pending Motions to be handled by counsel pursuant to their professional obligations, without intervention of the Court.

Accordingly, it is ORDERED that:

1. Defendants' Motion for Protective Order (ECF No. 19) is GRANTED.
2. Plaintiff's Motion for Sanctions (ECF No. 21) is DENIED.

DATED this 14 day of May, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge